**O'HAGAN MEYER LLP**
ASHLEIGH R. KASPER, SB# 294963
  E-Mail: akasper@ohaganmeyer.com
ANDREA POMA HERNANDO, SB# 346939
  E-Mail: apomahernando@ohaganmeyer.com
550 S. Hope Street, Suite 2400
Los Angeles, CA 90071
Telephone: 213.647.0005

Attorneys for Respondents VALLARTA FOOD ENTERPRISES, INC., DANIEL FOOD ENTERPRISES, INC., and GONZALEZ FOOD ENTERPRISES, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Petitioner,<br><br>v.<br><br>VALLARTA FOOD ENTERPRISES, INC., DANIEL FOOD ENTERPRISES, INC., GONZALEZ FOOD ENTERPRISES, INC., JALOS FOOD ENTERPRISES, INC., JOYA FOOD ENTERPRISES, INC., SANTA ISABEL ENTERPRISES, INC., AND ZIXTA ENTERPRISES INC.,<br><br>    Respondents. | Case No. 2:25-mc-00058-MCS-SSC<br><br>**VFE RESPONDENTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

    Respondents Vallarta Food Enterprises, Inc., Gonzalez Food Enterprises, Inc., and Daniel Food Enterprises, Inc. (collectively "VFE"), pursuant to Federal Rules of Civil Procedure Rule 72(b), submit their Objections to Magistrate Judge Stephanie Christensen's Report and Recommendation (Dkt. 20) ("R&R") granting the United States Equal Employment Opportunity Commission's ("EEOC") Application for an Order to Show Cause Why Its Subpoenas Should Not Be Enforced ("Application") as follows:

The R&R erroneously requires VFE to produce <u>all</u> complaints of national origin or race discrimination, rather than limiting the information and documents to be produced to those relevant and tethered to the scope of the EEOC's investigation – discrimination against Non-Hispanic or White, Black, or Asian employees and applicants.

## I.   FACTUAL AND PROCEDURAL BACKGROUND.

This is a Commissioner-driven investigation. There is no charging party, no individual claiming to have been wronged. Instead, on or around June 1, 2022, then-Vice Chair Jocelyn Samuels issued three identical Commissioner's Charges to VFE. Each Charge asserted that VFE discriminates on the basis of race against individuals who are White, Black, and Asian, and on the basis of national origin against individuals who are not Hispanic. (Dkt. 12-2, p. 2.) The Charges are so broad as to convey virtually nothing more than that the EEOC believes VFE might have violated Title VII.

VFE has from the very outset and continues to vehemently dispute these allegations and has made every effort to prove to the EEOC that its Charges are baseless and its investigation woefully flawed. (*See generally* Dkt. 12.) But having elected to launch this investigation, the EEOC has consistently turned a blind eye to any information which casts doubt on the validity of the underlying Charges.

The EEOC filed its Application on July 2, 2025. VFE filed its Opposition on August 14, 2025. (Dkt. 12.) The EEOC filed its Reply on August 21, 2025. The Parties appeared before United States Magistrate Judge, the Honorable Stephanie S. Christensen on September 9, 2025 for oral argument on the Application. Magistrate Judge Christensen issued her R&Rs on October 10, 2025. (Dkt. 20.) While VFE believes its arguments were sound and disagrees with the R&Rs in general, VFE limits its request for review to this District Court to the portions of the R&Rs which pertain to the EEOC's subpoena seeking information and documents regarding complaints of discrimination.

## II. VFE'S OBJECTIONS.

### A. Standard of Review

Under Federal Rules of Civil Procedure Rule 72(b)(3), "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."

For the reasons set forth below, VFE respectfully requests that the District Court modify the recommended disposition by only ordering VFE to comply with the subpoena's demand for information on complaints of discrimination to the extent those complaints were made by Non-Hispanic, Black, Asian, or White applicants or employees.

### B. The R&Rs Erroneously Require VFE To Produce All Complaints Of Race And National Origin Discrimination, Rather Than Only Those Relevant To The EEOC's Charges.

The EEOC's Charges claim that VFE discriminates against Non-Hispanic, Black, Asian, and White applicants or employees. Yet the subpoena, inexplicably, seeks all complaints of race or national origin discrimination. (Dkt. 12-5, p. 9.) The R&Rs erroneously require VFE to comply with the original scope of the subpoena.

In VFE's Opposition to the EEOC's Application, VFE asserted that the scope of this portion of the subpoena was massively overbroad and sought information irrelevant and untethered to the Charges at issue in that the subpoena seeks all complaints of race or national origin discrimination, even those submitted by Hispanic individuals. (Dkt. 12, pp 13-15.) While the EEOC has broad investigatory powers, its authority is not absolute. A court will not enforce an EEOC subpoena absent a finding that the material sought is relevant. (*EEOC v. S. Farm Bureau Cas. Ins. Co.*, 271 F.3d 209, 211 (5th Cir. 2001); *EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994).) Furthermore, the subpoena cannot be "so broad as to be the nature of a 'fishing

expedition.'" (*Peters v. United States*, 853 F.2d 692, 700 (9th Cir. 1988).) "There must be a realistic expectation that something may be discovered that pertains to the investigation." (*EEOC v. Z Foods, Inc.*, No. 1:09-CV-02127-022-SMS, 2011 U.S. Dist. LEXIS 17667, at * 14 (E.D. Cal. Feb. 22, 2011) (*citing EEOC v. United Air Lines, Inc.*, 287 F.3d 543 (7th Cir. 2002).)

In the EEOC's Application, it did nothing to attempt to justify the overbroad scope of the subpoena.[1] Instead, the EEOC argued, "Request No. 8 is crucial evidence to point to whether Respondents were previously on notice of discrimination towards non-Hispanic workers." (Dkt. 1, 19:1-2.) But that is not what the subpoena seeks – the subpoena seeks <u>all</u> complaints of race or national origin discrimination, not just those raised by "non-Hispanic workers."

The EEOC's Reply brief was similarly unavailing. After explaining why the EEOC believed it should be entitled to complaints brought by Non-Hispanic individuals, it then stated that same-race or same-national origin discrimination is also illegal under Title VII, and "When facts emerge in investigations that demonstrate additional legal violations not identified in the charge, the EEOC is empowered to make findings to ensure that the remedial measures the EEOC seeks will root out all discriminatory conduct." (Dkt. 14, pp. 13, 14.) **<u>But the EEOC does not contend that it has uncovered facts or evidence of same-race or same-national origin discrimination at VFE</u>**. Instead, the EEOC is engaged in a classic case of putting the cart before the horse – the EEOC argues that the Court should compel VFE to produce <u>all</u> complaints of race or national origin discrimination, regardless of the race or national origin of the complaining party, because in going through those complaints it might stumble upon information suggesting same-race or same-national origin

---

[1] VFE had previously filed a Petition to Revoke or Modify Subpoena which challenged this portion of the subpoena. The EEOC, unsurprisingly, determined that the subpoena it issued in the investigation it initiated was valid. The EEOC's Application sought enforcement of the subpoena. (Dkt. 12, p. 3.)

discrimination, which would then entitle it to take further action against VFE. This is entirely inconsistent with the law – the information sought must be relevant to the investigation itself.

The case the EEOC cites for the proposition that, "Any violations that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are actionable" does not support the EEOC's demand for this irrelevant information here. In *General Telephone Company of the Northwest, Inc. v. EEOC*, the Court evaluated whether the EEOC must meet certification as a class representative under FRCP Rule 23 to seek class wide relief. (*General Tel. Co. v. EEOC*, 446 U.S. 318, 320 (1980).) In analyzing the typicality requirement, the Court made the statement quoted by the EEOC in its briefing here. (*Id*. at 331.) In doing so, the Court relied on *EEOC v. McLean Trucking Co. Id*. But in that case, the Court assessed whether the EEOC could proceed with a case on a representative basis after the original charging party accepted an arbitration award resolving his own claim against the employer. (*EEOC v. McLean Trucking Co.*, 525 F.2d 1007, 1010 (6th Cir. 1975).) The EEOC argued that it had uncovered evidence of discriminatory practices applicable to <u>other employees</u> and that it should be permitted to proceed in its own action as to those violations, and the Court agreed. *Id*.

Here, by contrast, the EEOC does not argue that it has uncovered any discriminatory practices impacting any group of applicants or employees other than Non-Hispanic, Black, Asian, or White applicants or employees. Instead, the EEOC says the Court should order VFE to turn over all complaints of national origin or race discrimination because, in reviewing those, the EEOC might hypothetically find evidence of discrimination against other classes of applicants or employees. This is the very definition of a fishing expedition.

The R&Rs make no distinction between complaints raised by complainants who fall within the race and/or national origin of the classes the EEOC is investigating (Non-Hispanic, White, Black, or Asian) and those who do not. Instead, the R&Rs

assert that VFE should comply with the subpoena because, "the details of such complaints would cast light on the allegations of discrimination against Respondents and perhaps show how Respondents respond to discrimination complaints." (Dkt. 20, p. 11.) This is understandable in terms of complaints raised by Non-Hispanic, White, Black, or Asian applicants or employees. But complaints by any applicant or employee of race or national origin discrimination would have no relevance or relation to the investigation, because the EEOC is not investigating same-race or same-national origin discrimination, nor is it investigating discrimination against Hispanic individuals. It is only investigating discrimination against Non-Hispanic, White, Black, or Asian applicants and employees. Accordingly, there is no legal basis to order VFE to produce information or documents of complaints by anyone who is not Non-Hispanic, White, Black, or Asian.

### C. **The R&Rs Ignore The Overburdensome Nature Of The EEOC's Subpoena.**

"What is unduly burdensome depends on the particular facts of each case and no hard and fast rule can be applied to resolve the question." (*FTC v. Shaffner*, 626 F.2d 32, 38 (7th Cir. 1980).) "If the personnel or financial burden on the employer is great compared to the resources the employer has at its disposal, the district court should attempt to alleviate this burden." (*EEOC v. United Air Lines, Inc.* 287 F.3d 643, 653-54 (7th Cir. 2002).) The Court in *United Air Lines* further explained, "it is the 'court's task . . . to weigh the likely relevance of the requested material to the investigation against the burden to [the respondent] of producing the material.'" (*Id.*; *see also EEOC v. Royal Caribbean Cruises, Ltd.*, 771 F.3d 757, 763 (11th Cir. 2014).) Even if the EEOC establishes the evidence sought by a subpoena is relevant, the subpoena may still be unenforceable if it is overbroad or unduly burdensome. (*EEOC v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426, 1428 (9th Cir. 1983), *abrogated on other grounds by Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991).)

The R&Rs ignore VFE's argument regarding the overburdensome nature of the EEOC's subpoena. As explained in the hearing:

> VFE does not track in any sort of HRIS or spreadsheet system complaints that come in and tag them as race discrimination, race harassment, as opposed to complaint about favoritism, complaint about bullying, complaint about harassment. To be able to locate responsive information and documents is going to necessitate hundreds of hours of going through every perceived slight and grievance that's been raised to HR over the last five years to see if it comports with the sort of header discrimination race and national origin.

(Declaration of Ashleigh R. Kasper ("Kasper Decl.") ¶ 3, Ex A, 22:2-12.) VFE further explained that because each investigation file is stored in separate PDF files, doing so would necessitate opening each PDF, one by one, to see if the complaint was responsive:

> They are in PDF, and they are titled -- and I know this just from working with this client -- they are titled with a series of, you know, numbers, like HRIS-12345 . . . . But there is no tracking scheme that says 24HRIS-12345 is a complaint about race raised by employee against supervisor. There's nothing that makes it easy to identify which of these PDFs containing the investigation materials would be responsive versus nonresponsive.

(*Id*. at 25:13-25.)

VFE conceded that this amount of work would need to be done to comply with a subpoena seeking only complaints raised by Non-Hispanic, Black, White, or Asian applicants or employees, but noted that beyond <u>identifying</u> responsive materials, the subpoena requires production of information and documents[2], and that a scope of <u>all</u>

---

[2] The subpoena states: For the period of June 1, 2020 to the present, provide the following for all instore internal and external discrimination complaints, charges and/or grievances, whether formal or informal, based on race and/or national origin filed by an employee or applicant: (a) Name, race, national origin, position, and location of complainant; (b) Name, race, national origin, and position for each person(s) receiving the complaint(s) and the date of the receipt of the complaint(s); (c) Name, race, national origin, position, and location of each person whose conduct was the subject of the complaint(s); (d) A detailed description of the relationship between the alleged discriminator and Respondent; (e) A detailed account of the conduct that is the subject of the complaint(s), the nature of the conduct, including the date(s) the conduct took place, and the context in which the alleged conduct occurred, including the specific location; (f) A copy of the complaint, if in writing; (g) A description of any actions taken in response to the complaint, the dates actions (footnote continued)

complaints rather than those related to the EEOC's Charges would vastly increase the burden of production. (*Id*. at 23:17-24:19.)

The R&Rs make no mention of the burden to VFE in producing this irrelevant information, but that burden further militates against granting the EEOC's application and ordering compliance with its subpoena as drafted.

Finally, the R&Rs do not address VFE's concern in its Opposition that the subpoena seeks information protected by the attorney-client privilege and attorney work product doctrine, to the extent "external discrimination complaints" encompass pre-litigation and litigation matters where VFE had counsel. VFE submits that the EEOC's investigatory powers do not outweigh the protections of the attorney-client privilege and attorney work product doctrine. The EEOC has not made any argument to the contrary, and VFE believes that it should thus not be compelled to produce such information.

### III.   CONCLUSION

The R&Rs err in recommending that this Court order VFE to produce information and documents pertaining to all complaints of race or national origin discrimination, regardless of the race or national origin of the complaining party. This scope is vastly broader than the Charges the EEOC is investigating – whether VFE discriminates against Non-Hispanic, White, Black or Asian applicants and employees. Further, compliance would be an undue burden on VFE, particularly when compared with the irrelevance of the information sought.

/ / /

---

were taken and by whom; (h) An explanation of any action(s) taken to resolve the complaint(s), both with respect to the alleged discriminator and the complainant; (i) The name, race, national origin, and title of each witness to the event(s) alleged; (j) The date, copy and description of each disciplinary/discharge action taken against the complainant and/or the alleged discriminator as a result of the complaint; and, (k) Submit all documents that state, describe, reference, or relate to each complaint including, but not limited to, a copy of the complaint, witness statements, investigative reports, and all documents, including emails, associated with the complaint and/or the resolution of the complaint.

VFE respectfully requests that the Court exercise its discretion to modify the R&Rs and only require VFE to comply with this portion of the subpoena as to complaints of race or national origin discrimination brought by Non-Hispanic, White, Black, or Asian complainants, and to exclude information or materials protected by the attorney-client privilege or attorney work product doctrine.

DATED: November 24, 2025         Respectfully submitted,

**O'HAGAN MEYER LLP**

By: /s/ Ashleigh R. Kasper
    Ashleigh R. Kasper
    Andrea Poma Hernando
    Attorneys for Respondents VALLARTA FOOD ENTERPRISES, INC., DANIEL FOOD ENTERPRISES, INC., and GONZALEZ FOOD ENTERPRISES, INC.